THOMPSON, Judge,
dissenting.
The relationship between the Hollands and Fidelity was one of debtor and creditor. The relationship between a debtor and a creditor does not give rise to a duty to disclose facts that do not relate to the financial aspects of the transaction. Mardis v. Ford Motor Credit Co., 642 So.2d 701 (Ala.1994); see, Lee v. United Federal Savings & Loan Ass’n, 466 So.2d 131 (Ala.1985). Fidelity had''no duty to disclose facts relating to the vehicle itself, and it never made any representations to the Hollands concerning the vehicle. There was no evidence to indicate that Fidelity employees even saw the vehicle before the consummation of the financing agreement. Fidelity relied on the sales documents prepared by Auto Mart when it bought the contract from Auto Mart.
There is also no evidence that Fidelity was charging the Hollands for force-placed insurance on a car the Hollands did not have. Although the original title incorrectly identified the vehicle, this title was corrected and reissued on September 3, 1992. Fidelity did not purchase collateral-protection insurance *1252 and add the cost of the premium to the Hollands’ monthly payment until June 1993.
Also, there is no substantial evidence to indicate that Auto Mart and Fidelity entered into a scheme to defraud the Hollands. The only testimony concerning a scheme involved Auto Mart and Buford Tolbert. Tolbert was the manager of Fidelity’s Pascagoula, Mississippi, branch office. The Hollands’ contract was purchased by Bob Long, Fidelity’s branch manager in Biloxi, Mississippi. Tol-bert had left Fidelity four months before the Hollands’ transaction occurred.
For the reasons stated above, I do not believe the Hollands presented substantial evidence to create a genuine issue of material fact on counts four, five, and nine of their complaint. I would affirm the judgment of the trial court; therefore, I respectfully dissent.
CRAWLEY, J., concurs.